MICHELE BECKWITH
Acting United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO LEYVA,<br>LEONARDO YANEZ ZAMBRANO, &<br>OMAR QUINTERO ALVARADO<br><br>Defendants. | CASE NO. 2:24-cr-00320-JAM<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER**<br><br>DATE: February 11, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and defendants, Roberto Leyva, Leonardo Yanez Zambrano, and Omar Quintero Alvarado, by and through defendants' counsel of record, Shelby Alberts, Colin Cooper, and Tasha Chalfant, respectively, hereby stipulate as follows:

1. The defendant's initial appearance on the Indictment was December 18, 2024.

2. A status conference was set for February 11, 2025.

3. By this stipulation, the parties now move to continue the status conference until May 6, 2025, and to exclude time between February 11, 2025, and May 6, 2025, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case

includes numerous reports and recordings, including investigative reports, surveillance data, audio and video recordings, photographs, and lab reports. The government has produced discovery in the form of reports, but represents that more is forthcoming.

b) Counsel for defendants desire additional time to consult with their respective client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with their clients, and otherwise prepare for trial.

c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The proposed status conference date on May 6, 2025, represents the earliest and most convenient date for counsel. This requested date takes into account counsels' schedules, defense counsels' commitments to other clients, and defense counsels' need for preparation and further investigation into this case based on the discovery being produced and the long-term nature of the government's investigation.

e) Neither the government nor the defense objects to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 11, 2025 to May 6, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

///
///
///
///

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 4, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ MATTHEW DE MOURA
MATTHEW DE MOURA
Special Assistant United States Attorney

Dated: February 4, 2025

/s/ SHELBY ALBERTS
SHELBY ALBERTS
Counsel for Defendant
ROBERTO LEYVA

Dated: February 4, 2025

/s/ COLIN COOPER
COLIN COOPER
Counsel for Defendant
LEONARDO YANEZ ZAMBRANO

Dated: February 4, 2025

/s/ TASHA CHALFANT
TASHA CHALFANT
Counsel for Defendant
OMAR QUINTERO ALVARADO

**FINDINGS AND ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court **VACATES** the February 11, 2025, **status conference** and **RESETS** the matter for **May 06, 2025, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between February 11, 2025, and May 6, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from February 11, 2025, to and including May 6, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED.

Dated: February 04, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE